ISABELLE ORD (SBN 198224)
*isabelle.ord@us.dlapiper.com*
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Telephone: 415.836.2500
Facsimile: 415.836.2501

OLIVER M. KIEFER (SBN 332830)
*oliver.kiefer@us.dlapiper.com*
MATTHEW C. DANAHER (SBN 351055)
*matt.danaher@us.dlapiper.com*
ASHLEY BARTON (SBN 335673)
*ashley.barton@us.dlapiper.com*
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone: 858.677.1400
Facsimile: 858.677.1401

*Attorneys for Defendant*
***Hilton Worldwide Holdings Inc.***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SUELLEN CRANO, KELLY COONEY, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>HILTON WORLDWIDE HOLDINGS INC., and DOES 1-10.<br><br>Defendants. | Case No. 2:24-cv-09809-SVW-AJR<br><br>**DEFENDANT HILTON WORLDWIDE HOLDINGS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TRANSFER VENUE**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: March 17, 2025<br>Time: 1:30 p.m.<br>Crtrm: 10A<br><br>Filed: January 10, 2025 |

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Hilton Worldwide Holdings Inc. ("Hilton Holdings"), respectfully requests that the Court take judicial notice of the following documents in consideration of Hilton Holdings' concurrently filed Motion to Dismiss, or in the alternative, Transfer Venue:[1]

- **Exhibit A** – Hilton.com Reservation Payment Page (Current)
- **Exhibit B** – Hilton.com Reservation Payment Page (Archived)
- **Exhibit C** – Hilton Global Privacy Statement (Current)
- **Exhibit D** – Hilton Global Privacy Statement (Archived)
- **Exhibit E** – Hilton Site Usage Agreement (Current)
- **Exhibit F** – Hilton Site Usage Agreement (Archived)
- **Exhibit G** – Hilton Honors Terms and Conditions (Current)
- **Exhibit H** – Hilton Honors Terms and Conditions (Archived)
- **Exhibit I** – Meta's "Cookies & Other Storage Technologies" (hereinafter referred to as "Meta's Cookies Policy")
- **Exhibit J** – Facebook's "Create a New Account Page"
- **Exhibit M** – Meta's Terms of Service
- **Exhibit N** – Hilton Honors: Book Now Mobile Application Reservation Booking Screen
- **Exhibit O** – Meta's Business Tools Terms

These exhibits are attached to and authenticated in the concurrently filed declarations of Bradley Anderson, Fjorela Shati, or Matthew C. Danaher, though, in any event, the authenticity of these publicly available websites documents cannot reasonably be questioned for the reasons discussed below.

[1] Hilton Holdings requests judicial notice of Exhibits A-E, G-J, and M-O in support of its motion to dismiss. Hilton Holdings requests judicial notice of Exhibits A-B, E-H, and N in support of its motion to transfer. Exhibits K and L are submitted in support of Hilton Holdings' motion to transfer but are not subject to judicial notice.

## II. LEGAL AUTHORITY IN SUPPORT OF HILTON HOLDINGS' REQUEST FOR JUDICIAL NOTICE

### A. Legal Standard

Federal Rule of Evidence 201 allows the Court to take judicial notice of facts "not subject to reasonable dispute," either because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Evo Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (citing Fed. R. Evid. 201).

The Court may also consider extrinsic materials under the "incorporation by reference" doctrine. The doctrine allows courts to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted). A defendant may proceed under this doctrine "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) ("We have said that a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Judicial notice is mandatory "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

///

///

**B. The Court Should Take Judicial Notice of the Publicly Available Webpages Exhibits A Through J and M Through O**

Judicial notice of **Exhibits A-J** and **M-O** is proper because they are screenshots or printouts from publicly available of websites, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Ninth and Fourth Circuit have recognized that it is appropriate to take judicial notice of webpages. *See Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 & n.5 (9th Cir. 2012) (taking judicial notice of statistics from an NFL team webpage); *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."); *D'Angelo v. FCA US, LLC*, No. 3:23-CV-00982, 2024 WL 1625771, at *4 (S.D. Cal. Mar. 28, 2024) ("The existence of the privacy policies and webpages are judicially noticeable facts because they appear on publicly available websites and their authenticity cannot be reasonably questioned."); *Brown v. Google, LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of a privacy policy and webpage contents); *Judson v. Bd. of Supervisors of Mathews Cnty., Virginia*, No. 4:18-CV-121, 2019 WL 2558243, at *5 n.5 (E.D. Va. June 20, 2019) ("The Court may look to websites for information in deciding whether to take judicial notice of a fact."); *Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) ("A court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and 'it is capable of accurate and ready determination.'") (quoting Fed. R. Evid. 201(b)).

Courts routinely conclude that webpages are appropriate subjects of judicial notice and that their existence is not subject to reasonable dispute because they are readily accessible via the internet. *See, e.g., Kittrich Corp. v. Chilewich Sultan, LLC*, No. CV 12-10079-GHK (ARGx), 2013 WL 12131376, at *3 & n.1 (C.D. Cal. Feb.

20, 2013) (judicially noticing a company profile webpage and a webpage identifying the company's products and main export markets "to prove their existence and content"); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005) (taking judicial notice of Amazon webpages and information on a medical association's website); *see also Barakezyan v. BMW of N. Am., LLC*, No. CV 16-00173 SJO (GJSx), 2016 WL 2840803, at *6 n.3 (C.D. Cal. Apr. 7, 2016) (taking judicial notice of booklets for the vehicle at issue because the booklets were "publicly available on the Internet").

**Exhibits A-J and M-O** are documents from Meta and Hilton Holdings' websites "whose contents are alleged in [the] complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration in original) (citations omitted) (noting the court "may treat such . . . document[s] as part of the complaint, and thus may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)"). Therefore, these exhibits are subject to judicial notice under Rule 201(b).

**Exhibit A** is the current version of the reservation payment page on www.hilton.com, available at https://www.hilton.com/en/book/reservation/payment. This website is publicly available and readily accessible after selecting a hotel property to book on www.hilton.com.

**Exhibit B** is the www.hilton.com reservation payment screen, as it appeared on January 1, 2021. **Exhibit B** appears in archived format through the publicly accessible tool, the Wayback Machine, available at https://web.archive.org/web/20210101175008/https://www.hilton.com/en/book/reservation/payment/.

**Exhibit C** is the current version of the Hilton Global Privacy Statement on www.hilton.com, available at https://www.hilton.com/en/p/global-privacy-statement/.

**Exhibit D** is the Hilton Global Privacy Statement, as it appeared on October 4, 2020. **Exhibit D** appears in archived format through the publicly accessible tool, the Wayback Machine, available at https://web.archive.org/web/20201004203818/https://hiltonhonors3.hilton.com/en/policy/global-privacy-statement/index.html.

**Exhibit E** is the current version of the Hilton Site Usage Agreement on www.hilton.com, available at https://www.hilton.com/en/p/site-usage-agreement/.

**Exhibit F** is the Hilton Site Usage Agreement, as it appeared on October 4, 2020. **Exhibit F** appears in archived format through the publicly accessible tool, the Wayback Machine, available at https://web.archive.org/web/20201004204016/https://hiltonhonors3.hilton.com/en/policy/site-usage-agreement/english.html.

**Exhibit G** is the current version of the Hilton Honors Terms and Conditions on www.hilton.com, available at https://www.hilton.com/en/hilton-honors/terms/.

**Exhibit H** is the Hilton Honors Terms and Conditions, as it appeared on December 14, 2020. **Exhibit H** appears in archived format through the publicly accessible tool, the Wayback Machine, available at https://web.archive.org/web/20201214172730/https://www.hilton.com/en/hilton-honors/terms/.

**Exhibit I** is the current version of Meta's Cookies Policy, available at https://www.facebook.com/privacy/policies/cookies.

**Exhibit J** is the current version of Facebook's account creation page, available at https://www.facebook.com/r.php.

**Exhibit M** is the current version of Meta's Terms of Service, available at https://www.facebook.com/legal/terms/update.

**Exhibit N** is the current version of the Hilton Honors: Book Now mobile application booking screen for an exemplar property, available on the Hilton Honors: Book Now mobile application available for iOS and Android devices.

**Exhibit O** is the current version of Meta's Business Tools Terms, available at https://www.facebook.com/legal/technology_terms.

Current versions of these policies and sites are publicly available on Meta and Hilton Holdings' websites, and are not reasonably subject to dispute. Accordingly, these websites are appropriately subject to judicial notice by this Court.

### C. The Court Should Also Consider Exhibits I, J, M and O Under the Incorporation By Reference Doctrine

"[C]ourts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The incorporation by reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136–37 (N.D. Cal. 2015).

The Court may independently take notice of **Exhibits I, J, M and O** through the incorporation by reference doctrine. In Plaintiffs' Amended Complaint ("FAC"), Plaintiffs reference and/or cite to **Exhibits I, J, M and O.** First, Plaintiffs discuss and cite to **Exhibit J**, the Facebook sign-up process. *See* FAC ¶¶ 20, 20 n.3, 82. Second, Plaintiffs discuss and cite to **Exhibit I**, Meta's Cookies Policy. *See* FAC ¶¶ 52(b), 52(b) n.34, 52(b) n. 35. Third, Plaintiffs discuss and cite to **Exhibit M**, Meta's Terms of Service. *See* FAC ¶¶ 82, 82 n.50, 83, 83 n.51. Fourth, Plaintiffs discuss, quote from, and cite to **Exhibit O**, Meta's Business Tools Terms. *See* FAC ¶¶ 36, 36 n.26, 37, 37 n.27, 38, 38 n.28, 39, 39 n.29. As a result, these documents should be incorporated by reference into the Complaint and judicially noticed.

///

///

///

## III. CONCLUSION

For the reasons above, Hilton Holdings respectfully requests that the Court take judicial notice of **Exhibits A-J and M-O**.

Dated: January 24, 2025

**DLA PIPER LLP (US)**

By: */s/ Isabelle Ord*
ISABELLE ORD
OLIVER M. KIEFER
ASHLEY BARTON
MATTHEW C. DANAHER

*Attorneys for Defendant*
HILTON WORLDWIDE
HOLDINGS INC.