**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SUELLEN CRANO and KELLY COONEY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>HILTON WORLDWIDE HOLDINGS, INC., AND DOES 1-10,<br><br>*Defendants.* | Case No. 1:25-cv-00305-RDA |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

## I. Introduction

In its Request for Judicial Notice (ECF 32) ("RJN"), Hilton argues that thirteen exhibits (Exhibits A-J and M-O) are publicly available on the internet and thus subject to judicial notice and can therefore be considered in connection with Hilton's pending motion to dismiss. ECF 32 at 4-7. Hilton further argues that four of those same documents (Exhibits I, J, M and O) were also incorporated into the First Amended Complaint ("FAC") by reference, which is a separate and independent basis for the Court to consider them at Rule 12. ECF 32 at 7. Plaintiffs do not contest that those four documents (Exhibits I, J, M and O) are incorporated into the FAC by reference, and thus Hilton's separate argument that those same documents are subject to judicial notice is moot. The remaining nine documents (Exhibits A-H and N) are not subject to judicial notice and thus cannot be considered when assessing the sufficiency of the FAC under Rule 12(b)(6). The Court should therefore deny Hilton's RJN with respect to Exhibits A-H and N.

## II. Background

This case relates to Hilton's disclosure of Plaintiffs' identities and room reservation information to a third-party marketing company named Meta Platforms, Inc. ("Meta"). Plaintiffs allege that the information Hilton disclosed to Meta included confidential "guest records" that, under California law, hotels cannot lawfully disclose to third parties absent "a court-issued subpoena, warrant or order." Cal. Civ. Code § 53.5(a). Plaintiffs further allege that they did not consent to the disclosures at issue. ECF 29 at ¶¶ 3-4.

Hilton seeks to contest Plaintiffs' lack-of-consent allegations at the pleading stage. To do so, Hilton asks the Court to take judicial notice of the nine documents at issue (Exhibits A-H and N), all of which are documents purportedly available on Hilton's website that, Hilton argues, show Plaintiffs' lack-of-consent allegations are false. In particular:

- **Exhibits A-B** are screenshots of Hilton's website reservation page that, according to Hilton, show Plaintiffs agreed to Hilton's "Global Privacy Statement" at the time they booked hotel rooms on Hilton's website. ECF 32 at 5 (describing the documents); ECF 31 at 2-3 (argument based on the documents).
- **Exhibits C-D** are copies of Hilton's "Global Privacy Statement" that, Hilton argues, disclose the data transfers at issue. ECF 32 at 5-6 (describing the documents); ECF 31 at 3 (argument based on the documents). It is these documents—and, in particular, the statement therein that third-party service providers "may use … pixels[] and similar technologies" to "set and access Cookies on your computer or other device"—that Hilton points to as evidence that Plaintiffs consented to the disclosure of their identities and room reservation information to Meta. ECF 31 at 3.

- **Exhibits E-H and N** are various Hilton online terms and conditions, and a screenshot of a booking screen from Hilton's mobile application, that Hilton argues show Plaintiffs agreed to litigate claims against Hilton in the Eastern District of Virginia. ECF 32 at 6 (describing the documents); ECF 31 at 3, 19-21 (argument based on the documents). This venue argument (and Hilton's request for judicial notice of the documents the argument was based on) was mooted when the parties reached a stipulation to transfer the case to this District for reasons other than Hilton's online terms and conditions. Thus, the Court should deny Hilton's RJN with respect to Exhibits E-H and N as moot. That said, the documents are not subject to judicial notice for the same reasons as Exhibits A-D, and thus Plaintiffs include reference to them here for that reason.

## III. Legal Standard

"In a Rule 12(b)(6) context," the court is "ordinarily limit[ed]" to reviewing only the "well-pled facts in the complaint[, which it must view] in the light most favorable to the plaintiff." *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Brockington v. Boykins,* 637 F.3d 503, 505 (4th Cir. 2011) and citing *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir.2013)). The Rule 12 motion "does not typically resolve the applicability of defenses to a well-pled claim." *Id*. (citing *Tobey v. Jones,* 706 F.3d 379, 387 (4th Cir.2013) (stating a motion to dismiss under Rule 12(b)(6) "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses")). Thus, "[c]onsideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment … [which] is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." *Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597, 606 (4th Cir. 2015).

"Under narrow circumstances, a court may rely on extrinsic materials to determine a motion to dismiss without converting the proceeding into a motion for summary judgment." *Goldfarb*, 791 F.3d at 508. Facts subject to judicial notice can at times qualify as such a narrow circumstance. But two things must be true. First, the fact at issue must be appropriate for judicial notice under Federal Rule of Evidence 201. Second, *the use* to which the proponent proposes to put the fact at Rule 12 must be appropriate under Fourth Circuit precedent.

With respect to the first issue, judicial notice under Rule 201 permits a court to notice an "adjudicative fact" that is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Applying this standard, Fourth Circuit district courts have declined to take judicial notice of *entire documents*, particularly where the document is ambiguous and subject to multiple interpretations. *Sanford v. United States*, 2022 WL 17750754, at *3 (D.S.C. Oct. 18, 2022) (denying to judicially notice "two CDC documents and a BOP webpage summarizing its response to the COVID-19 pandemic" because "Federal Rule of Evidence 201 allows the court to take judicial notice of adjudicative facts, not entire documents" and further explaining that ambiguities in the documents rendered them incapable of undisputed interpretation), *report and recommendation adopted*, 2022 WL 17369375 (D.S.C. Dec. 2, 2022), *aff'd*, 2023 WL 4181333 (4th Cir. June 26, 2023).[1]

[1] Hilton's RJN cites various cases for the proposition that adjudicative facts can originate on the internet. ECF 32 at 4. That's true, as far as it goes. But where, as here, "the sole justification for judicial notice is that the information or documents appear on websites that are created and maintained by a party to the litigation, judicial notice is improper." *Schippell v. Johnson & Johnson Consumer Inc.*, 2023 WL 6178485, at *4 (C.D. Cal. Aug. 7, 2023); *Duguid v. Facebook, Inc.*, 2016 WL 1169365, at *2–3 (N.D. Cal. Mar. 24, 2016) ("[F]ederal courts considering the issue have

Even those adjudicative facts that are *potentially* subject to judicial notice may not be appropriately subject to notice at Rule 12. Rather, whether the Court should judicially notice an adjudicative fact at Rule 12 depends on *the use* to which the proponent intends to put the fact. *Clatterbuck*, 708 F.3d at 558 ("[W]hether information is the proper subject of judicial notice depends on the use to which it is put."). Thus, although it may, in some cases, be appropriate to judicially notice *the fact* that a document exists, it is not appropriate to *analyze* facts in the document to weigh them against the well-pled allegations in a complaint. *Clatterbuck*, 708 F.3d at 558 ("On a motion pursuant to Rule 12(b)(6), the court's task is to test the legal feasibility of the complaint without weighing the evidence that might be offered to support or contradict it.").[2]

For example, in *Bernini Holdings, LLC v. Conrad*, the defendant requested that the court take judicial notice of certain legacy court filings when deciding the defendant's motion to dismiss. *Bernini Holdings, LLC v. Conrad*, 2020 WL 5502310, at *2 (W.D.N.C. Sept. 11, 2020). The court noted that "[d]ocuments such as state court motions will be considered adjudicative facts when they are submitted to show that they had, in fact, been filed." *Id.* The court, however, denied the request for judicial notice because the defendant "is not requesting this Court take judicial notice of the adjudicative fact that the state court documents in Exhibits were filed," and was instead

---

expressed skepticism as to whether it is appropriate to take judicial notice of information or documents from websites when the sole justification for judicial notice is that the information or documents appear on websites that are created and maintained by a party to the litigation."); *Punian v. Gillette Co.*, 2015 WL 4967535, at *5 (N.D. Cal. Aug. 20, 2015) (same, collecting cases); *Gerritsen v. Warner Bros. Entm't Inc.*, 2015 WL 4069617, at * 10 (C.D. Cal. Jan. 30, 2015) (same).

[2] Hilton's RJN principally cites to Ninth Circuit law, but the prohibition against judicially noticing evidence to rebut the allegations in the complaint at the pleading stage is the same in the Ninth Circuit as it is in the Fourth Circuit. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018) ("[A] court cannot take judicial notice of disputed facts" at the pleading stage); *cf. Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022) ("It is improper to accept the truth of matters asserted in incorporated documents only to resolve factual disputes against the plaintiff's well-pled allegations.").

requesting that the court "analyze the facts within Exhibits to compare them to Bernini's current position in this proceeding." *Id.* The court declined to do so because: "In doing so, this Court would effectively be weighing evidence at the 12(b)(6) stage. Thus, the facts [the defendant] requests this court take judicial notice of are not adjudicative facts. Therefore, this Court will not take judicial notice of Exhibits at this stage. [The defendant] is free to raise the issues presented by Exhibits again at summary judgement." *Id.* (citing *Clatterbuck*, 708 F.3d at 558).

## IV. Argument

Hilton's request for judicial notice of the Exhibits should be denied. As an initial matter, Hilton has asked to the Court to take judicial notice of entire documents, not specific adjudicative facts about those documents (*e.g.*, the fact that they existed on Hilton's website at some point in time). Hilton's primary argument for why the accuracy of these documents cannot be reasonably questioned is that they were publicly available on the internet. ECF 32 at 4-5. But courts routinely decline to notice online terms of use and related privacy policies merely because they were purportedly available on the internet, including because (a) whether the plaintiffs ever agreed to those documents in the first place is a fact-intensive inquiry into the plaintiffs' interactions with the website, and (b) online terms of use and privacy policies change over time, and thus, where, as here, the plaintiffs interacted with the defendant over a multi-year (or multi-decade) time period (*see* FAC ¶¶ 3-4), there are also factual issues to be resolved regarding the version(s) of the policies applicable to the universe of transactions at issue. *Cappello v. Walmart Inc.*, No. 18-cv-06678-RS, 2019 WL 11687705, at *3 (N.D. Cal. Apr. 5, 2019) ("The simple act of posting something publicly on the Internet is insufficient assurance of an exhibit's accuracy," and denying judicial notice of the purchase confirmation page, Terms of Use, Privacy Policy, and Notices on Walmart's website because the facts in the exhibits "cannot be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned."); *Jackson v. Fandom, Inc.*, No. 22-cv-044234-JST, 2023 WL 4670285, at *2 (N.D. Cal. July 20, 2023) (denying the defendant's request for judicial notice because it was "unclear whether the webpages, Terms of Use, and Privacy Policy submitted" were the same versions plaintiff viewed).[3]

Even assuming, for the sake of the argument, that it would be appropriate to judicially notice an entire document because it was publicly available on the internet, *the use* to which Hilton seeks to put the documents here is not appropriate for judicial notice at the pleading stage. In particular, Hilton seeks to use those documents at Rule 12 to directly contradict Plaintiffs' allegations that they did *not* consent to the disclosures at issue. FAC ¶¶ 3-4. If the Court noticed the documents for that purpose, it would effectively be weighing evidence at the 12(b)(6) stage, which, under the Fourth Circuit's decision in *Clatterbuck*, is improper. *Clatterbuck*, 708 F.3d at 558 ("On a motion pursuant to Rule 12(b)(6), the court's task is to test the legal feasibility of the complaint without weighing the evidence that might be offered to support or contradict it."). And the very fact that Hilton believes the documents are contrary to Plaintiffs' allegations shows that the documents and their contents are not "adjudicative facts" beyond reasonable dispute under Rule 201. *Bernini Holdings, LLC*, 2020 WL 5502310, at *2 (declining to notice documents for that reason).

Moreover, the actual meaning of the language in the documents is not beyond reasonable dispute. Hilton argues that the documents show Plaintiffs consented to the disclosure of their

[3] Plaintiffs recognize some courts take a different view of whether the existence of privacy policies is subject to notice. *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1191 (S.D. Cal. 2024) ("limiting notice as to their existence on the date the webpages were captured or last accessed"); *Brown v. Google, LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of a privacy policy and webpage contents). But even in Hilton's privacy-policy cases, the defendants did not prevail on their consent defense. The rest of Hilton's cases do not address noticing privacy policies or booking processes to defeat a claim based on a consent defense; they are inapposite.

identities and room reservation details because Hilton's Global Privacy Statement (Exhibits C-D) states that Hilton "partner[s] with certain third-party service providers to collect information," and those third parties "may use … pixels and similar technologies, and … may set and access cookies on your computer." ECF 31 at 9. Those same documents, however, contain more specific representations regarding Hilton's commitment to protecting the *specific information at issue* (*i.e.* room reservation information), which specifically promise that Hilton will not disclose that data to third parties. ECF 32-5 at 9-10 (Hilton Global Privacy Statement stating: "We do not share customers' room preferences with third parties" and "We do not share customers' arrival times with third parties"). Whatever debate the parties have regarding how a reasonable consumer would interpret these documents is inappropriate for resolution at Rule 12, and is nowhere near an "adjudicative fact" that is "not subject to reasonable dispute" that can be judicially noticed at the pleading stage.

**V. Conclusion**

The Court should deny Hilton's request for judicial notice of Exhibits A-H and N because those documents do not meet the criteria for judicial notice at Rule 12 under Rule 201 and *Clatterbuck v. City of Charlottesville,* 708 F.3d 549 (4th Cir.2013). This Court should deny Hilton's request for judicial notice of Exhibits I, J, M and O as moot because Plaintiffs do not contest that those four documents were incorporated into the FAC by reference.

Dated this 7th day of April, 2025.

PHELAN PETTY PLC

*/s/ Jonathan M. Petty*

Jonathan M. Petty (VSB No. 43100)
Christopher P. Yakubisin (VSB No. 91186)
3315 West Broad Street
Richmond, VA 23230
Tel : (804) 980-7100

Fax: (804) 767-4601
jpetty@phelanpetty.com
cyakubisin@phelanpetty.com

Eric S. Dwoskin (admitted *pro hac vice*)
DWOSKIN WASDIN LLP
433 Plaza Real, Ste. 275
Boca Raton, FL 33432
Phone: (561) 849-8060
edwoskin@dwowas.com

*Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April a copy of the foregoing was filed with the Court's CM/ECF system, which will send a notice of electronic filing (NEF) to all counsel of record.

*/s/ Jonathan M. Petty*
PHELAN PETTY, LLC
Jonathan M. Petty, VSB No. 43100
Christopher P. Yakubisin (VSB No. 91186)
PHELAN PETTY LLC
3315 W. Broad Street
Richmond, VA 23230
(804) 980-7100 (telephone)
(804) 767-4601 (fax)
jpetty@phelanpetty.com
cyakubisin@phelanpetty

*Attorneys for Plaintiffs and the Putative Class*