**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| SUELLEN CRANO, KELLY COONEY, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HILTON WORLDWIDE HOLDINGS INC., and DOES 1-10,<br><br>Defendants. | Case No. 1:25-cv-00305 |

**DEFENDANT HILTON WORLDWIDE HOLDINGS INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..... 1
LEGAL STANDARD ..... 1
ARGUMENT ..... 2
I. The Proposed Sur-Reply Should Not Exceed a Discussion of *Snyder*. ..... 2
II. The Proposed Sur-Reply Would Not Concern a Novel Guest Records Statute Argument. . 3
CONCLUSION ..... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barron v. Snyder's-Lance, Inc.*,
2014 WL 2686060 (S.D. Fla. June 13, 2014) ....................2, 3

*Eli Lilly & Co. v. Crabtree*,
485 F. Supp. 2d 982 (S.D. Ind. 2006) ....................2

*Randolph v. ING Life Ins. & Annuity Co.*,
486 F. Supp. 2d 1 (D.D.C. 2007) ....................4

*Seidman v. Paradise Valley Unified Sch. Dist. No. 69*,
327 F. Supp. 2d 1098 (D. Ariz. 2004) ....................3

*Snyder v. G6 Hosp. LLC*,
2025 WL 1254382 (C.D. Cal. Apr. 14, 2025) ....................1, 2, 3, 4

*Taylor v. Revature LLC*,
2025 WL 711961 (E.D. Va. Mar. 5, 2025) (Alston, J.) ....................1, 2, 3, 4

## INTRODUCTION

Plaintiffs' Motion for Leave to File Sur-Reply ("Motion for Leave") should be denied because their proposed sur-reply (the "Sur-Reply") is offered for multiple improper purposes. *See generally* ECF No. 65-1 (Plaintiffs' Motion for Leave to File Sur-Reply, Exhibit A, Proposed Sur-Reply). *First*, Plaintiffs claim the Sur-Reply is necessary to address *Snyder v. G6 Hosp. LLC*, 2025 WL 1254382 (C.D. Cal. Apr. 14, 2025), an authority issued after Plaintiffs filed their Opposition. *See* ECF No. 65, at 2 (Plaintiffs' Motion for Leave to File Sur-Reply to Defendant's Reply Brief in Support of Motion to Dismiss). Hilton Holdings has no objection to Plaintiffs' discussion of *Snyder* as supplemental authority in support of their Opposition. However, the Sur-Reply impermissibly uses *Snyder* as an excuse to springboard into additional arguments not previously made regarding the California Guest Records Statute. *Second*, although Plaintiffs claim the Sur-Reply would allow them to address "a new interpretation" of the Guest Records Statute that Hilton Holdings' Reply purportedly advanced, the argument concerns a statutory exception which the parties already briefed. *Id.* at 2; *see also* ECF No. 31, at 16 (Hilton Holdings' Motion to Dismiss Plaintiffs' Amended Complaint); ECF No. 63, at 7-8 (Hilton Holdings' Reply in Support of its Motion to Dismiss Plaintiffs' Amended Complaint); ECF No. 62, at 3 (Plaintiffs' Opposition to Hilton Holdings' Motion to Dismiss Plaintiffs' Amended Complaint). Accordingly, any argument beyond a limited discussion of *Snyder* is not a proper basis for sur-reply and should not be permitted.

## LEGAL STANDARD

"[S]ur-replies 'are generally disfavored' and should not be permitted 'outside of rare instances.'" *Taylor v. Revature LLC*, 2025 WL 711961, at *4 (E.D. Va. Mar. 5, 2025) (Alston, J.) (quoting *Steele v. Johns Hopkins Health Sys. Corp.*, 2020 WL 4471710, at *2 (D. Md. Aug. 4, 2020)). "[R]e-tread[ing] the arguments that [Plaintiffs] made in [their] Opposition to the Motion

to Dismiss . . . do[es] not qualify as the rare instance in which a sur-reply is appropriate." *Taylor*, 2025 WL 711961, at *5 (E.D. Va. Mar. 5, 2025). "[A]llowing a surreply is within the court's discretion." *Id.* at *4 (quoting *Adams v. Applied Bus. Servs.*, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019)).

**ARGUMENT**

**I. The Proposed Sur-Reply Should Not Exceed a Discussion of *Snyder*.**

Plaintiffs' Motion for Leave argues the Sur-Reply is, in part, a response to *Snyder v. G6 Hospitality*. The Sur-Reply says otherwise. Hilton Holdings does not object to a brief discussion of *Synder*, which is an authority that post-dates Plaintiffs' Opposition. However, the Court should not allow Plaintiffs to pivot away from *Snyder* and use the Sur-Reply to introduce new arguments to support their Opposition.

After a discussion of *Snyder*, the Sur-Reply concludes that "*Snyder* is not authority supporting Hilton's narrow reading of the Guest Records Statute." ECF No. 65-1, at 4. The Sur-Reply then proceeds to introduce a new argument about Hilton Holdings' "absurd" reading of the "guest record" definition and what does and does not fall under this definition. *See id.* at 4-5. Hilton Holdings briefed the Guest Records Statute in its Motion to Dismiss, and Plaintiffs responded in their Opposition. Hilton Holdings responded in its Reply, raising the same fundamental arguments as its Motion. If Plaintiffs contend *Snyder* "expressly declined to rule" on an interpretation of the "guest record" definition, *id.* at 4, then they should not be able to use the Sur-Reply to assert new arguments about the proper definition of a "guest record" under the statute. *See Barron v. Snyder's-Lance, Inc.*, 2014 WL 2686060, at *2 (S.D. Fla. June 13, 2014) (striking a portion of a notice of supplemental authority that contained legal arguments and included "[t]wo pages of quotations and Plaintiffs' gloss as to the meaning of the[] cases"); *Eli Lilly & Co. v. Crabtree*, 485 F. Supp.

2d 982, 997 (S.D. Ind. 2006) (striking portions of legal argument from a notice of supplemental authority); *Seidman v. Paradise Valley Unified Sch. Dist. No. 69*, 327 F. Supp. 2d 1098, 1121 (D. Ariz. 2004) (same). The parties' briefing has already covered this issue.

The final paragraph of the Sur-Reply's Section I goes even further afield. *See id.* at 5. Plaintiffs do not mention *Snyder* here. Rather, they raise a new argument concerning disclosures to Meta and Hilton's Global Privacy Statement. *Id.* This argument does not concern *Snyder* and is an improper attempt to continue briefing new arguments about issues that are already fully briefed.

Accordingly, the Court should deny Plaintiffs' Motion for Leave on this independent basis.

## II. The Proposed Sur-Reply Would Not Concern a Novel Guest Records Statute Argument.

"[R]e-tread[ing] the arguments that [Plaintiffs] made in [their] Opposition to the Motion to Dismiss . . . do[es] not qualify as the rare instance in which a sur-reply is appropriate." *Taylor*, 2025 WL 711961, at *5 (E.D. Va. Mar. 5, 2025). The Sur-Reply's second argument does exactly that.

Plaintiffs contend that Hilton Holdings "advance[d] a new argument" in its Reply that Meta can avail itself of the California Guest Records Statute's third-party service provider exception. ECF No. 65-1, at 5. Yet, in the very next sentence, Plaintiffs concede that Hilton Holdings briefed this issue in its Motion to Dismiss. At best, Hilton Holdings' Reply expanded on this argument (*see* ECF, No. 63, at 7-8) because Plaintiffs' Opposition delved into an in-depth discussion of this exception. *See* ECF No. 62, at 3. For example, the Opposition introduced the matter of the Meta Business Tools Terms as "the agreement between Hilton and Meta" concerning Meta's authorization "to use the data captured by the Facebook Tracking Pixel." *Id.* at 3. Hilton Holdings necessarily responded to this argument in its Reply. Therefore, not only was this not a "new"

argument, it was an appropriate one, that does not justify a sur-reply. *See Taylor*, 2025 WL 711961, at *4 (noting a party "may not submit a surreply simply because [the movant] used their reply brief to further support an argument made in their opening brief or to respond to new arguments in [the opposing party's] opposition"); *see also Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 9 n.5 (D.D.C. 2007) (striking majority of a response to notice of supplemental authority where "[t]he remainder of Plaintiffs' Response consists of attempts to rebut [the defendant's] Reply in Support of its Motion to Dismiss" and is therefore "an improper surreply").

## CONCLUSION

For the foregoing reasons, Hilton Holdings respectfully requests that this Court deny Plaintiffs' Motion for Leave, except for a limited discussion of *Snyder*.

Respectfully submitted,

Date: June 10, 2025

*/s/Olivia Houston*

Olivia Houston (VSB #95824)
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
olivia.houston@us.dlapiper.com

Isabelle Ord (*pro hac vice*)
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
(714) 878-9849
isabelle.ord@us.dlapiper.com

Oliver M. Kiefer (*pro hac vice*)
Ashley L. Barton (*pro hac vice*)
Matthew C. Danaher (*pro hac vice*)
DLA Piper LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92101
(619) 699-2781
oliver.kiefer@us.dlapiper.com

ashley.barton@us.dlapiper.com
matt.danaher@us.dlapiper.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 10th day of June, 2025, a true and correct copy of the foregoing document has been duly served on the following individuals through the court's electronic filing system:

Jonathan Monroe Petty
Phelan Petty PLC
3315 West Broad Street
Richmond, VA 23230
(804) 980-7100
Jpetty@phelanpetty.com

Christopher Poole Yakubisin
ATTORNEY TO BE NOTICED
Phelan Petty
3315 West Broad Street
Richmond, VA 23230
(804) 767-6316
Cyakubisin@phelanpetty.com

Eric S. Dwoskin
Dwoskin Wasdin LLP
433 Plaza Real, Ste. 275
Boca Raton, Florida 33432
(561) 849-8060
Edwoskin@dwowas.com

*Counsel for Plaintiffs*

*/s/Olivia Houston*
Olivia Houston (VSB#95824)